**STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION,**
Plaintiff,

v.

**GENERAL FOODS CORPORATION,**
Defendant.

**GENERAL FOODS CORPORATION,**
Plaintiff,

v.

**STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION and Struthers Wells Corporation, Defendant.**

**Civ. A. Nos. 3665, 3725 and 3556.**

United States District Court,
D. Delaware.

June 5, 1970.

See also, D.C., 309 F.Supp. 161.

E. N. Carpenter, II, and Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, Del., for Struthers Scientific and International Corp. and Struthers Wells Corp.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., for General Foods Corp.

## MEMORANDUM OPINION

LATCHUM, District Judge.

These cases are before the Court on the motions of Struthers Scientific and International Corporation ("Struthers") to compel General Foods Corporation ("General Foods") to produce, pursuant to Rule 34, F.R.Civ.P., all patent applications filed by General Foods in foreign countries which correspond to U. S. Patent Application No. 555,961.

Broadly viewed, this litigation concerns a process for manufacturing freeze-dried instant coffee. Struthers charges that the process used by General Foods to remove waxes and tars from coffee extract in manufacturing "Maxim" and "Sanka", freeze-dried instant coffee, infringes Struthers' U. S. Patents Nos. 3,381,302 and 3,449,129.[1] Both of these patents disclose a process for removing waxes and other insolubles from coffee extract prior to freeze concentrating the extract. General Foods has moved for summary judgment,[2] contending that both of Struthers' patents are invalid because (1) the subject matter claimed in these patents is merely an obvious application of particular prior art and therefore cannot be patented under the standards of 35 U.S.C. § 103, (2) the specifications and claims of both patents are fatally vague and indefinite and fail to meet the standard of 35 U.S.C. § 112, and (3) the '129 patent has been abandoned under 35 U.S.C. § 102(c) and dedicated to the public.

In its memorandum filed in support of its motions for summary judgment, under the heading "Statement Of The Case", General Foods stated:

"When it subsequently learned of Struthers' action [of filing Struthers' '302 application after General Foods had made certain disclosures to Struthers], General Foods filed a similar application to protect itself. But this application has been rejected as covering only an obvious modification of prior art (Exhibit 25), and has since been abandoned by General Foods [U. S. Patent Application No. 555,961]."

In view of the above quoted statement, Struthers moved to compel General Foods to produce the referred to U. S. Patent Application and all corresponding foreign patent applications.[3] General Foods

---

1. The '302 patent was issued on April 30, 1968 and the '129 patent was issued on June 10, 1969.

2. Argument on these motions is scheduled for June 22, 1970.

3. The motion particularly refers to numbered patent applications filed in England, Ireland and Australia.

has voluntarily produced its U. S. Patent Application No. 555,961 but resists the motion so far as it relates to its corresponding foreign patent applications.

Struthers argues that an inspection of General Foods' foreign patent applications will be likely to show that they are for processes similar to those covered by Struthers' patents in suit and that during the prosecution of the foreign applications General Foods took the position that these processes were inventions. Thus, Struthers contends that the possible admission of invention and novelty of the processes covered in the foreign applications is relevant and material to the inconsistent position of lack of invention now taken by General Foods in regard to the patents in suit. Further, Struthers submits that, if the applications reveal such an inconsistent position, they are of particular significance in opposing General Foods' motions for summary judgment which are scheduled for hearing on June 22.

General Foods opposes the production motions on the ground that "good cause" has not been shown to require the disclosure of confidential information to a competitor who is charged in these cases with misappropriating confidential information in the past for Struthers' own benefit.

█ The Court is thus faced with balancing General Foods' legitimate interest in preserving the secrecy of its confidential information against Struthers' undoubted right to discover needed information to prepare for trial. Struthers has the burden of showing "good cause" for the production under Rule 34, F.R.Civ.P. According to this require-

ment, the movant must demonstrate that the inspection of the documents to be produced is necessary to prepare its case adequately for trial or that a failure to order production would prejudice the movant, result in hardship or work an injustice.

█ Upon due deliberation, the Court concludes that Struthers has not demonstrated the necessity of producing the foreign applications at this stage of the litigation. The contention that the patents in suit are invalid for obviousness can be fairly adjudicated without reference to the foreign patent applications. While information showing General Foods' inconsistent position might be helpful in some way to Struthers, it is doubtful that its slight probative value is of sufficient importance to justify an invasion of General Foods' right of secrecy.[4] The issue to be determined on the motions for partial summary judgment is whether particular prior art made the patents in suit obvious. The fact that General Foods may have taken an inconsistent position with respect to the patentability of the processes in question is not controlling or dispositive of that issue. Undoubtedly General Foods' view of the novelty of the challenged processes has little probative weight in construing the validity of the patents in suit. If, in considering the summary judgment motions, it should appear that the information suspected to be documented in the foreign applications is critical, the Court may reconsider its position. At this stage, however, the information does not appear necessary to assure a fair adjudication of the pending summary judgment motions.

4. At the hearing on the present motion for production, Struthers pointed out that the patent applications in Ireland and England "insofar as technology is concerned * * * have already been published." Counsel for General Foods did not disagree as to publication in Ireland but as to English practice, stated that "the fact that a British patent spec-

ification would be published for opposition is in point of fact not the end-all in terms of protecting the patentee in England." Without any apparent development of this issue in the record, it is difficult for the Court at this time to determine whether any alleged secrets involved in the foreign patent applications already may have been published.

Another factor militates against extending the scope of discovery in this case. With the mass of material already filed, these cases have grown more unwieldy and intricate with each passing day. The production of the foreign patent applications, while slightly relevant to the issue,[5] would act only to complicate further an already complex case. It would involve the Court in many collateral and irrelevant issues involving foreign patent law.

Accordingly, the Court concludes that a showing of good cause has not been made at this stage to require the production of foreign patent applications. An order will be entered denying the motions to produce.

5. Relevancy is not the equivalent of "good cause." 4 Moore, Fed.Prac. (2d ed.) § 34.08.